*Court of Common Pleas, Dauphin County, February 7th,* 1856.

## KARTHANS *v.* THE STATE MUTUAL FIRE INSURANCE COMPANY.

When a policy of insurance contains a clause to refer all matters in dispute in case of loss to arbitrators, whose judgment shall be conclusive on both parties, and the paper claimed by the plaintiff to be an award gives greater damages than are covered by the policy, the court will consider this an *appraisement* instead of an award, and set aside the judgment entered thereon. Judgment for want of an affidavit of defence cannot be taken on an award of arbitrators.

BY THE COURT.—This suit is brought on an award; and the first question presented is, was there one made between the parties? To judge from the paper claimed by the plaintiff to be an award alone, unaccompanied with the agreement to refer, we would rather construe it to be an appraisement of the value of the property injured, as it does not purport to decide or pass upon any dispute or controversy. The language used imports an appraisement of the loss or damage, rather than a decision of the rights of the parties. That view is strengthened by the fact that the damages are assessed at $3825.78 on an obligation, which can at most bind the defendant to pay $3000. On the other hand, the policy of insurance that " in case any difference shall arise touching such loss or damage, etc., and if the company or their agent require it, it shall be submitted to the judgment of arbitrators chosen in accordance with the 11th article of the conditions annexed to this policy, whose *award in writing shall be binding on both parties.*" On recurring to the 11th article referred to, we find that it relates solely to the appraisement of personal property, and points out a method of selecting appraisers to fix its value, treating and speaking of them throughout as appraisers merely, not as arbitrators. The provision in the body of the policy relating to real estate, uniformly calls them arbitrators and their report an award. How then can the clauses be

[Karthaus v. The State Mutual Fire Insurance Company.]

reconciled? We answer that there is no conflict. The arbitrators are to be chosen, in the one case, pursuant to the method pointed out for selecting appraisers, in the other, by each party nominating a man, and they, in case of disagreement, appointing an umpire; but when chosen, they are to pass not only upon the amount of damage, but the liability to pay it; they are to determine both as to the *loss and damage.*

It does not follow from this that the defendant is obliged to pay the amount awarded. An award at common law may be impeached by showing plain mistake in law or fact on the part of the arbitrators, unless in some special cases. It is certain that this award is far too much, by over $800; which is one circumstance tending to invalidate it. From the form of the report it is not unlikely that the arbitrators mistook their duty, and never passed upon the main matter in dispute, the defendant's liability to make compensation. This may have arisen from a mutual misconstruction of the agreement, as all parties, including the referees, probably supposed that they were *mere appraisers.* On a trial of the cause, we are disposed to consider that errors in the award may be established by proof, though it will stand as *primâ facie* valid. In a case where the construction of the agreement is attended with difficulty, and where we cannot help feeling that the words used do not carry into effect the intention of the parties, where the amount awarded is greater than the defendant undertook to pay in any event, and can only be supported by remitting the excess, and from the form of the award and the facts testified to by witnesses, it would seem that the main point was never passed on by the arbitrators, we do not consider that a party should be barred by a judgment by default from having all the points of his case fairly raised and placed in a situation to be reviewed by a superior court; for that reason we deem it our duty to open this judgment.

It might admit of grave question, whether the judgment for want of an affidavit of defence was properly taken. The 52d rule of court speaks of " bills, notes, bonds, records, or other instruments of writing for the payment of money." It may be argued with great plausibility that this award is not an instrument of writing for the payment of money within the meaning of the rule. We are disposed to think that the " other instruments" there spoken of refer to obligations of a like nature signed by the party to be charged. This has been a mooted point in the District Court of Philadelphia. In Bayard v. Gillasspy (1 Miles, 256), a majority of the court decided that a suit on an award came within the act of Assembly, of which our rule is a transcript; but the dissenting opinion of Judge Jones, as we consider, is best supported by reason. We find that in a much later case referred to in the last edition of Pennsylvania Practice, 323, the dissenting opinion is sustained in an action and award under a policy of insurance (Wh. Dig. Sup. Practice, V,

[Miller *v.* The State Mutual Insurance Company.]

s. 18 and 20). Had the motion in this case been to strike off the judgment, in our opinion it should have prevailed. It is ordered that the judgment be opened and the defendant let into a defence; the lien to remain as security in the mean time, if the judgment is now binding on any real property.

*Fisher, for plaintiff.*

*Kunkel and Simonton, for defendant.*